IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2017 MAR 30 P 1:23
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DAVID WALKER ) | |
| ) | |
| Plaintiff, ) | Case No. 1:17-cv-189 |
| v. ) | |
| ) | DEMAND FOR JURY TRIAL |
| ADVANCE AUTO PARTS, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, David Walker, (hereinafter "Mr. Walker" or "Plaintiff") and hereby files this Complaint against Advance Auto Parts, Inc., (hereinafter "Defendant" or "Advance Auto"), and states as follows:

### JURISDICTION

1. This is an action for declaratory judgment, equitable relief and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, including the Civil Rights Act of 1991, 42 U.S.C. § 2000 (e) *et seq.* (hereinafter "Title VII"), which provides for relief from race discrimination in employment and pursuant to 28 U.S.C. §§ 1331, 1343(4).

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") via charge "*No. 846-2015-39874*" on or about October 27, 2015. The foregoing charge of race discrimination, sex discrimination and retaliation was filed within 180 days of the occurrence of the last respective discriminatory act that occurred on or about September 15, 2015. Plaintiff received his right to sue on December 30, 2016, that was postmarked December

27, 2016. Copies of the aforementioned EEOC Charge and Dismissal and Notice of Rights are attached hereto as Exhibit A.

3. The unlawful practices alleged herein were committed by Defendant in Houston County in the state of Alabama. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, David Walker, is an African American male citizen of the United States of America, is a resident of the state of Alabama and is over the age of 19. At all times relevant to this action, Mr. Walker was employed by Defendant.

5. Defendant is an employer and is subject to suit under 42 U.S.C. §2000(e) *et seq*. At all times relevant to this action, Defendant has employed at least 15 persons.

## FACTS

6. Mr. Walker began his employment with Defendant in its Dothan, Alabama store in August 2011 as a part time driver.

7. Plaintiff worked as a parts deliverer and in store as retail parts sales person assisting customers with auto parts and make outside deliveries to customers as assigned by management.

8. Defendant terminated Mr. Walker, the only black employee at the store on September 15, 2015 after suspending him on September 9, 2015.

9. Throughout his tenure with Advance Auto Parts, Mr. Walker worked hard and didn't miss work or deliveries in spite of sometimes facing a racially insensitive environment and hostile treatment from the all-white managers, namely, Jack (LNU), Damon (LNU), Randy Lokay and a white female district manager whose name is unknown. Despite this disparate treatment by defendant, Mr. Walker had always performed his job well and never altered his delivery routes unlike some similarly situated white employees who strayed from delivery routes without

repercussion or discipline from the all-white management team.

10. On at least four occasions of June 22, 2015, June 24, 2015, August 26, 2015 and September 9, 2015, Mr. Walker called Advance Auto Part's "*Ethics Hotline*" to report the ongoing discrimination by the all-white management team as named in paragraph 9 above. Mr. Walker complained about the disparate disciplinary actions taken against him that were not equally applied to similarly situated white employees under the same managers at the same location and during the same time as Mr. Walker worked for the defendant. (*Plaintiff Exh. 2*)

11. On August 13, 2015, Mr. Walker learned that a full time driver was resigning and asked a manager, Jack (LNU) if he could apply for the position. Jack (LNU) told Mr. Walker the position was not going to be filled. However less than 30 days later on September 7, 2015, a white female, Angela (LNU) who had been a customer service representative at another location was promoted to the full time drive position that Mr. Walker was denied the opportunity to even apply for.

12. Then on September 9, 2015, the white female district manager wrote Mr. Walker up and suspended him for three days stating the reason being that Mr. Walker passed a delivery to another driver. Mr. Walker denied this allegation as he was not told he had to make the delivery after another white female employee took the delivery from Mr. Walker as he was about to make the delivery.

13. Ultimately, on September 15, 2015, Jack (LNU) a white manager told Mr. Walker, he was being terminated for asking about a "klan" meeting; for taking 3 hours to make a delivery and for passing a delivery to another driver.

14. Mr. Walker denied the stated reasons for his termination and these actions were the result of race discrimination, sex discrimination and retaliation in violation of Title VII of the

Civil Rights Act of 1964 as amended and only used a pretext to cover the ongoing racial discriminatory practices of Advance Auto Parts.

## COUNT I—RACE DISCRIMINATION IN VIOLATION

15. Plaintiff alleges and incorporates the allegations set forth above in paragraphs 1-14 above as if set forth herein in full.

16. Defendant's termination of Plaintiff was racially motivated in violation of the Civil Rights act of 1964, as amended with respect to the terms and conditions of his employment as he was routinely caused to suffer race and sex discrimination as described in paragraphs 1-14.

17. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, front pay, injunctive and declaratory relief.

18. Defendant hired a white female employee with less experience as a driver and denied to Plaintiff that such a position would be filled and violated Plaintiff right to apply for the full time position.

19. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless enjoined by this Court.

## COUNT II- RETALIATION

20. The foregoing paragraphs are realleged and incorporated by reference herein.

21. Defendant, Advance Auto Parts created a hostile working environment by conduct constituting retaliation against the Plaintiff because he engaged in activities protected by Title VII and for reasons stated, the Defendants denial to apply for open position, termination and suspension actions were not the true reasons but instead were pretext to hide the Defendant's retaliatory animus.

## COUNT III-HOSTILE AND ABUSIVE WORKING ENVIRONMENT

22. The foregoing paragraphs are realleged and incorporated by reference herein.

23. The Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII of the Civil Rights Acts of 1964 and the stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide Defendant's discriminatory animus.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this honorable Court assumes jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of Defendant are in violation of the rights of Plaintiff as secured by Title VII.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding him the position he would have occupied in the absence of race discrimination, back pay (plus interest), front pay, lost seniority, lost benefits, all compensatory and punitive damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, and award of costs, attorneys' fees and expenses.

## JURY DEMAND

**Plaintiff demands a trial by struck jury on all issues so triable.**


Respectfully submitted this 28th day of March, 2017.

/s/ Reginald D. McDaniel
REGINALD D. MCDANIEL (MCD-061)
Attorney for Plaintiff
Alabama Bar No. ASB-7676-L73M

Law Office of Reginald D. McDaniel, LLC
3720 4th Avenue South
Birmingham, AL 35222
205.433.6130 (P)
205.222.8656 (C)
888.357.8447 (F)
rdm@reginaldmcdaniel.com

## CERTIFICATE OF SERVICE

I certify that on March 28, 2017, I delivered by U.S. mail and electronic email, the foregoing summons & complaint to Defendant's legal counsel at its confirmed address below:

JACKSON LEWIS ATTORNEYS AT LAW
800 Shades Creek Parkway
Suite 870
Birmingham, AL 35209

6